**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARRAH PIRAHANCHI NAZEMI, | No. 19-55989 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00005-CAB-AGS |
| and | |
| MONIREH BOZORGI, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., FKA World Savings Bank; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted March 16, 2021[**]

Before:   GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Farrah Pirahanchi Nazemi appeals pro se from the district court's judgment

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging federal and state law claims arising out of foreclosure proceedings on her property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly dismissed Nazemi's action because Nazemi could not bring an action challenging defendants' right to foreclose before a foreclosure sale took place. *See Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) ("California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request for judicial notice (Docket Entry No. 22) is granted.

Nazemi's motions to supplement the record on appeal (Docket Entry No. 19) and for an extension of time to file a reply brief and for appointment of counsel (Docket Entry No. 36) are denied.

**AFFIRMED.**